# THE BOARD OF COMMISSIONERS OF THE FUNDED DEBT OF THE CITY OF SAN JOSE (No. 2) v. COLEMAN YOUNGER.

RIGHT OF ATTORNEY TO MANAGE A CAUSE.—While an attorney of record remains such, his right to manage and control the action cannot be questioned by the opposite party.

APPEARANCE IN pro. per. OR BY ATTORNEY.—A party to an action may appear in his own proper person, or by attorney, but he cannot do both; and if he appears by attorney, he cannot assume control of the case.

CLIENT CANNOT DISMISS SUIT IF ATTORNEY OPPOSES.—If a plaintiff who has appeared by attorney, afterwards stipulates in writing that the action be dismissed, the Court should not make an order of dismissal unless the attorney of record assents to the same.

APPEAL from the District Court, Third Judicial District, Santa Clara County.

The facts are stated in the opinion of the Court.

S. O. Houghton, for Appellant.

C. T. Ryland, and C. B. Younger, in pro. per., for Respondent.

By the Court, SANDERSON, C. J.

This is an appeal from an order dismissing the action made under the following circumstances:

The action was tried and a final judgment entered therein in favor of the plaintiffs, on the 20th of January, 1864. On the 10th day of January, 1865, the motion of the defendant for a new trial was granted. On the 19th of January, 1865,

counsel for the defendant filed in Court a stipulation, signed by the Commissioners of the Funded Debt of San José in person, and not by their attorney of record, to the effect that the matters in controversy had been settled, and that the action might be dismissed, and also a receipt, signed by the Treasurer of the Board, in full payment for the land, to set aside the conveyance of which, on the ground of fraud, this action was brought, and thereupon moved the Court to dismiss the action, grounding his motion upon the one hundred and forty-eighth section of the Practice Act, which provides, among other things, that an action may be dismissed by either party, upon the written consent of the other.   This motion was resisted by the attorney of record of the plaintiffs, and a counter motion was made by him to strike the stipulation from the files of the Court.   Both motions were heard together upon affidavits presented by both parties, and the motion of the defendant finally prevailed.

It appears from the affidavits that the action was commenced and prosecuted for the purpose of reforming a deed of certain land held by the plaintiffs, in their capacity of trustees, to the defendant, on the ground of fraud, under an agreement with one Gish (who claimed that under the rules and regulations of the Board of Commissioners touching the sale of lands so held by them, he was entitled over the defendant to become the purchaser of the land so sold and conveyed to him,) to the effect that if a reconveyance could be obtained from the defendant, either voluntarily or by a resort to the Courts, they would thereafter convey to him, he agreeing to pay all costs and expenses, including the fees of counsel.   And it further appears that Gish employed counsel, and up to the time the order in question was made, prosecuted the case in all respects at his own expense, and that neither he nor the attorney of record so employed by him ever assented to the stipulation dismissing the action signed by the plaintiffs.

It also appears that the Commissioners settled the case and authorized its dismissal under a misapprehension as to its true

condition, and that they would not have done so had they been fully advised.

It is first contended on the part of the respondent that this appeal is being prosecuted, like the action itself prior to its dismissal, by Gish, and not by the plaintiffs. In answer, it is sufficient to say that the appeal has been taken, and is being prosecuted by the plaintiffs' attorney of record, and while he remains attorney of record, his right to manage and control the action cannot be questioned. Whether, in taking the appeal he has gone beyond or violated his instructions, is a question between him and his clients, in which the defendant has no concern and need not interest himself.

### *Right of attorney to control a case.*

A party to an action may appear in his own proper person or by attorney, but he cannot do both. If he appears by attorney he must be heard through him, and it is indispensable to the decorum of the Court, and the due and orderly conduct of a cause that such attorney shall have the management and control of the action and his acts go unquestioned by any one except the party whom he represents. So long as he remains attorney of record the Court cannot recognize any other as having the management of the case. If the party for any cause becomes dissatisfied with his attorney the law points out a remedy. He may move the Court for leave to change his attorney, as provided in section ten of the Act concerning attorneys and counsellors. Until that has been done, the client cannot assume control of the case. While there is an attorney of record, no stipulation as to the conduct or disposal of the action should be entertained by the Court unless the same is signed or assented to by such attorney. (Section nine of the Act concerning attorneys and counsellors.) Such a rule is not only indispensable to the orderly conduct of a cause, but is likewise a safeguard to the client against the intrigues of his adversary. Moreover (without being understood as making any reference to the present case,) it is proper to add, that to entirely ignore the attorney of record and enter, without his

consent, into secret negotiation with his client touching the management of his case, is unbecoming the dignity of the legal profession, and destructive of that courtesy which is due from one member to another.

The one hundred and forty-eighth section of the Practice Act does not affect the question under consideration. That section provides that an action may be dismissed by either party upon the written consent of the other; and we add that where there is an attorney of record, such consent must come from him or be sanctioned by him.

Upon the question whether the Court ought to allow the plaintiffs to control the action at all, in view of their agreement with Gish, we express no opinion. We only say that if the defendant has secured a valid settlement of the matters involved in the case, he must avail himself of it in some other mode.

Order reversed.

Mr. Justice RHODES expressed no opinion.