[S. F. No. 4647. In Bank.—January 3, 1907.]

## BOCA AND LOYALTON RAILROAD COMPANY, Petitioner, v. SUPERIOR COURT OF LASSEN COUNTY, Respondent.

ACTION—APPEARANCE BY ATTORNEY—POWER OF CONTROL.—A plaintiff in an action may either appear in his own proper person or by attorney; but he cannot do both, and if he has appeared by attorney, he has no power of control over the action otherwise than through his original or substituted attorney of record.

ID.—INJUNCTION SUIT BY PLAINTIFF IN FORECLOSURE—IMPROPER DISMISSAL—JURISDICTION—PROHIBITION. — A corporation which, after suing to foreclose a deed of trust of a railroad, brought a separate suit by its attorneys to restrain one of the defendants in foreclosure from using a certain railroad-crossing, could not by filing a dismissal of the injunction suit in its own name divest the court of jurisdiction to make further orders therein; and the defendant sued cannot maintain prohibition to prevent further proceedings in the injunction suit upon the ground that it has been properly dismissed.

ID.—PENDENCY OF MOTION TO DISMISS—OPPOSITION BY BENEFICIARIES—
PRESUMPTION.—The mere making by the attorneys of record for
the plaintiff of a motion for dismissal in open court, which is
pending and undetermined, and the granting of which was opposed
by beneficiaries represented by the deed of trust, could not operate
as a dismissal of the suit under subdivision 1 of section 581 of the
Code of Civil Procedure, nor divest the court of jurisdiction to
decide the motion, which it must be presumed will be correctly de-
termined.

APPLICATION for Writ of Prohibition to the Superior
Court of Lassen County.  F. A. Kelley, Judge.

The facts are stated in the opinion of the court.

E. De Los Magee, for Petitioner.

Dodge, Parker & Knight, for Respondent.

ANGELLOTTI, J.—Plaintiff seeks a writ of prohibition,
restraining the superior court of Lassen County from making
any order in a certain action instituted in that court by the
California Safe Deposit and Trust Company against plaintiff
here other than an order of dismissal.  The action referred
to was one to obtain an injunction restraining plaintiff here
from using a certain railroad-crossing over the road of the
Sierra Valleys Railway Company in Plumas County, the
facts in regard thereto being detailed in the opinion in *Boca
and Loyalton R. R. Co. v. Superior Court of Lassen County,*
S. F. No. 4651, *ante,* p. 147, [88 Pac. 715], this day filed.  An
alternative writ having been issued, the defendant made an-
swer, and the matter has been submitted upon a demurrer
to such answer, there being no material conflict as to the
matters which are controlling here.

The main contention of plaintiff is that the injunction ac-
tion has been dismissed by the plaintiff, and that the superior
court is, therefore, without jurisdiction to make further orders
therein.  The action was commenced on or about June 5, 1906.
According to the allegations of the affidavit or complaint of
plaintiff here, the plaintiff in that action, on June 30, 1906,
no counterclaim having been made or affirmative relief sought
by the defendant therein, sent its discontinuance in writing
of said action to the clerk of said court, with its written request

that he enter a dismissal of the same, all of the costs having been paid. No such entry was made by the clerk, he basing his refusal to so do upon a certain order made by the court restraining him from so doing. On July 18, 1906, plaintiff by its attorneys moved the superior court for a dismissal of said action, there having been no appearance on the part of defendant, and all costs having been paid. That motion had not been decided at the time of the institution of this proceeding.

According to the allegations of the answer, the only written request for or notice of dismissal sent to the clerk was one signed by the plaintiff in said action by its manager, and not signed by any attorney of record, said plaintiff up to that time having appeared in said action by attorney only. It further appears that the subsequent motion for dismissal made by the attorneys on July 18, 1906, has only been partially heard, the further hearing and determination thereof having been continued by the court until the determination of this proceeding.

Plaintiff's position is that under subdivision 1 of section 581 of the Code of Civil Procedure, providing that an action may be dismissed ''by the plaintiff himself, by written request to the clerk, filed among the papers in the case, at any time before trial, upon payment of costs; provided, a counterclaim has not been made, or affirmative relief sought by the cross-complaint or answer of the defendant,'' the presentation of the proper request to the clerk, and payment of costs, operated to divest the court of jurisdiction to make any further order in the case other than one requiring the clerk to make the proper entry of dismissal in its register. It may be conceded for the purposes of this proceeding that, if the above-quoted provision of law was complied with by the plaintiff in the injunction action, the position of plaintiff here is sustained by the decision of this court in *Hopkins* v. *Superior Court,* 136 Cal. 552, [69 Pac. 299].

It is, however, the settled law of this state that while a party to an action may appear in his own proper person or by attorney he cannot do both, and that as long as he has an attorney of record in an action the court cannot recognize any other as having management or control of the action, and the party can act only through his attorney. It may be that good reasons can be urged in support of a contrary rule, but

the rule stated is so firmly settled here that we are not warranted in now departing from it. In the early case of *Board of Commissioners* v. *Younger,* 29 Cal. 147, [87 Am. Dec. 164], the question arose under a statute similar to subdivision 2 of section 581, authorizing an action to be dismissed ''by either party upon the written consent of the other,'' and the lower court had granted the motion for a dismissal of the action based upon the written consent of the plaintiffs in person, which consent was not signed by the attorney of record for plaintiffs. The order of dismissal was reversed by this court. The court said: ''A party to an action may appear in his own proper person or by attorney, but he cannot do both. If he appears by attorney, he must be heard through him, and it is indispensable to the decorum of the court and the due and orderly conduct of a cause that such attorney shall have the management and control of the action, and his acts go unquestioned by any one except the party whom he represents. So long as he remains attorney of record the court cannot recognize any other as having the management of the case. If the party for any cause becomes dissatisfied with his attorney, the law points out a remedy. He may move the court for leave to change his attorney, as provided in section 10 of the act concerning attorneys and counselors. Until that has been done, the client cannot assume control of the case. While there is an attorney of record, no stipulation as to the conduct or disposal of the action should be entertained by the court unless the same is signed or assented to by such attorney. Such a rule is not only indispensable to the orderly conduct of a cause, but is likewise a safeguard to the client against the intrigues of his adversary.'' In *Mott* v. *Foster,* 45 Cal. 72, a stipulation extending time signed by the plaintiff in person where he had an attorney of record was held to be a nullity, and the same was held in *Wylie* v. *Swain,* 120 Cal. 485, [52 Pac. 809], the court saying that where a party appears and is represented by an attorney of record he cannot himself assume control of the case, and that if he signs a stipulation dismissing the action or extending time for any purpose, the same will be disregarded by the court. All of these authorities are approvingly cited in *Crescent Canal Co.* v. *Montgomery,* 124 Cal. 134, 145, 146, [56 Pac. 797], where the rule was again declared. The general rule thus

stated does not appear to be disputed by counsel for plaintiff here, but he claims that the rule is not applicable to the dismissal provided for by subdivision 1 of section 581, which, by the express terms of the subdivision, is to be made "by the plaintiff himself." His claim is that this use of the word "himself" means that such dismissal must be made by the plaintiff in his own proper person. If this construction is to be given to the language, a dismissal under subdivision 1 of section 581 of the Code of Civil Procedure could not be made in the manner in which such dismissals are ordinarily made, —viz. through the attorney,—but would in all cases be required to be made by the plaintiff in his own proper person. Such certainly has never been understood to be the law, and the language used, when considered in connection with the remainder of the section, is not reasonably susceptible of such a construction. The words relied on, which were a part of the section on the same subject in the old Practice Act, and which have always been a part of this subdivision of section 581 of the Code of Civil Procedure, were used simply to distinguish the dismissal therein provided for as one that was to be made by the action of the plaintiff alone, without any concurrence of the other party or the court, while the dismissals provided for by other subdivisions of the same section could be made by a party only upon the written consent of the other party, or by the court upon motion of a party or upon its own motion. So far as this question is concerned, the words used in subdivision 1 of section 581 of the Code of Civil Procedure have no different meaning from the words "by either party" upon the written consent "of the other" in subdivision 2 of the same section, as to which it was held in *Board of Commissioners* v. *Younger,* 29 Cal. 147, [87 Am. Dec. 164], that the consent must be signed by the attorney of record where there is such an attorney.

To accomplish the effect given by the decision in *Hopkins* v. *Superior Court,* 136 Cal. 552, [69 Pac. 299], to a written request for dismissal under subdivision 1 of section 581 of the Code of Civil Procedure, the case must be brought squarely within the terms of that subdivision, and to do this the request for dismissal must, under the authorities cited, be signed by the attorney of record for plaintiff, if there be such an attorney. Otherwise, the clerk is not authorized to recognize the

same as a discontinuance of the action, or to make entry of dismissal in his register, and the jurisdiction of the court over the cause is not impaired.

The mere making of the subsequent motion by the attorneys for plaintiff for a dismissal in open court on July 18, 1906, was not a dismissal under subdivision 1 of section 581 of the Code of Civil Procedure, or in the manner or form provided by that subdivision, and in no degree impaired the jurisdiction of the court over the cause. Whether or not the court should grant that motion in the face of the showing in opposition made by the parties beneficially interested in the maintenance of the action, and for whom plaintiff had commenced and was maintaining the action solely as a trustee, is a question it is not necessary here to decide. That motion is pending undetermined. Its pendency does not affect the jurisdiction, and we must now assume that it will be correctly determined.

It was further urged on the application for a writ of prohibition that under the circumstances alleged to have been shown to the superior court of Lassen County on the motion to dismiss made July 18, 1906, said court is without jurisdiction to grant or maintain an injunction enjoining plaintiff here from using the railroad-crossing situate in Plumas County. As already stated, the motion of July 18, 1906, has only been partially heard and is now pending undetermined. According to the allegations of the answer, pending its determination, the preliminary injunction issued in the action has been and is now suspended, under the terms of an order of the superior court of Lassen County. Under such circumstances, we cannot now assume that the superior court will not in determining said motion grant plaintiff here all the relief to which it is legally entitled, and in accord with our settled rule of practice we should decline to restrain the court below from proceeding, in advance of the ruling of such court on said motion. (See *Havemeyer* v. *Superior Court,* 84 Cal. 327, 403, [18 Am. St. Rep. 192, 24 Pac. 121].)

The alternative writ of prohibition heretofore issued is discharged and this proceeding dismissed.

McFarland, J., Shaw, J., Sloss, J., Lorigan, J., and Henshaw, J., concurred.