[Crim. No. 1225. First Appellate District, Division Two.—December 22, 1924.]

In the Matter of the Application of EUGENE A. BRAIN for a Writ of Habeas Corpus.

[1] CRIMINAL LAW — PLEA OF GUILTY—STATEMENT OF COUNSEL.—In the face of the statute, which specifically provides that a plea of guilty can be put in by the defendant himself only in open court, the statement by defendant's counsel to the trial court that "we will waive the reading of the information and enter a plea of guilty and make application for probation" is not a proper plea of guilty.

[2] ID.—PROCEDURAL ERROR — HABEAS CORPUS—ABSENCE OF EVIDENCE —PREJUDICE.—Even though such error be considered as a procedural one, on *habeas corpus* to secure the release of the defendant from the state prison, section 4½ of article VI of the constitution cannot be applied to uphold the confinement, where the record of the proceedings had in the trial court contains no evidence whatsoever upon which the guilt or innocence of the petitioner might be adjudged.

[3] ID.—PLEA—JUDGMENT.—In this prosecution for the crime of burglary, there being no plea, no valid judgment against the defendant could be entered.

(1) 16 **C. J.**, p. 401, n. 51. (2) 29 **C. J.**, p. 29, n. 11. (3) 16 **C. J.**, p. 387, n. 39.

PROCEEDING in Habeas Corpus to secure the release of petitioner from the state prison. Writ granted.

The facts are stated in the opinion of the court.

H. E. Manning for Petitioner.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

LANGDON, P. J.—This matter comes before us upon an application for a writ of *habeas corpus*. Petitioner contends that his confinement in the state prison at San Quentin, California, is illegal because the judgment of conviction of the crime of burglary, by reason of which he is being

1. See 7 Cal. Jur. 997.

restrained of his liberty, was based upon a plea of guilty and that no such plea was ever entered by said petitioner.

[1] From the transcript of the proceedings in the trial court, it clearly appears that the petitioner did not plead guilty, but that his attorney stated to the court: "I believe the information has been read; if not, we will waive the reading of the information and enter a plea of guilty and make application for probation."

We think this was not a proper plea in the face of the statute, which specifically provides that a plea of guilty can be put in by the defendant himself only in open court.   Sec. 1018, Pen. Code.)   In the case of *People* v. *McCrory,* 41 Cal. 461, it was said: "A plea confessing himself to be guilty of crime should not be entered except with the express consent of the defendant, given by him personally, in direct terms, in open court.   Nothing should be left to implication, and his confession of guilt should be explicitly made by himself in person in the presence of the court."

[2] Respondent takes the position that the foregoing decision is inapplicable here because of the subsequent enactment of section 4½ of article VI of our constitution, which section respondent contends covers the omission in the instant case.   We do not agree with this position.   The record before us contains no evidence whatsoever upon the question of the guilt of petitioner, and it is impossible, therefore, to say that substantial justice has been meted out to the defendant.   Section 4½ of article VI of the constitution could not be applied in the instant case even though we considered the error a procedural one, because of the absence of any record upon which we might judge of the guilt or innocence of the petitioner.   In this respect, the instant case differs from the cases of *People* v. *McCalla,* 63 Cal. App. 783 [220 Pac. 436], and *People* v. *Tomsky,* 20 Cal. App. 679 [130 Pac. 184], wherein the defendants were tried upon the theory that pleas of "not guilty" had been entered when in reality no pleas had been entered.   In those cases, naturally, the evidence was fully gone into and was before the court upon appeal, so that section 4½ of article VI of our constitution was able to function.   But here there is no plea and no evidence upon which to base a judgment of conviction.

[3]   There being no plea, no valid judgment against the defendant could be entered.   (*People* v. *Corbett,* 28 Cal. 331; *People* v. *Gaines,* 52 Cal. 479; *People* v. *Monaghan,* 102

Cal. 229 [36 Pac. 511].)   In the case last cited it was said:
"That the defendant has been afforded an opportunity to
plead is one of the facts in the process of conviction of a
criminal which our law, in its regard for life and liberty,
requires to be expressly shown. . . . "

The petitioner is remanded to the custody of the sheriff
of Ventura County for further proceedings.

Nourse, J., and Sturtevant, J., concurred.