[Crim. No. 5573. In Bank. Jan. 25, 1955.]

In re TYLER W. BERRY, on Habeas Corpus

Tyler W. Berry, in pro. per., and Leonard P. Burke and Keith Lamb under appointment by the Supreme Court, for Petitioner.

Edmund G. Brown, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

SPENCE, J.—Petitioner, an inmate of the state prison at Folsom, seeks his release on habeas corpus. This court issued an order to show cause upon petitioner's claim that the superior court was without jurisdiction to pronounce judgment against

him because he was not represented by counsel at the preliminary hearing, and because his plea of guilty, entered in the superior court while he was not represented by counsel, was made as the direct result of a prolonged period of incarceration, during which period he was held incommunicado.

The petition was filed in propria persona, and thereafter this court appointed counsel who filed a brief and argued herein on behalf of petitioner. A stipulation of facts has been filed, setting forth the nature of the charges against petitioner and the proceedings culminating in his imprisonment. Affidavits have also been filed in denial of petitioner's claim that he was held incommunicado. No counteraffidavits have been submitted. As the record thus stands, we find no merit in petitioner's challenge of the legality of his confinement.

On July 15, 1952, petitioner was arrested in Santa Rosa for being drunk in violation of a city ordinance. He pleaded guilty and was sentenced to seven and one-half days in the county jail. Some six weeks earlier petitioner had been returned from the Nevada State Penitentiary (where he had been confined for a forgery conviction) to the Sonoma County authorities, pursuant to his waiver of extradition, on a warrant and complaint charging him with the violation of Penal Code, section 476a (issuing a check without sufficient funds or credit, with intent to defraud). The offense was reduced to petty theft. On arraignment, petitioner was advised of and waived his right to counsel; he pleaded guilty and the matter was referred to the probation officer. Then on June 20 he was sentenced to six months in the county jail, sentence was suspended, and he was released on probation for one year, conditioned upon his making restitution, being employed, and avoiding the use of intoxicating liquor.

On July 21, 1952, while serving the above-mentioned jail sentence for being drunk, petitioner was booked for another violation of Penal Code, section 476a. A few days later a complaint was filed against petitioner for the violation of Penal Code, sections 484-488 (theft); petitioner was brought into court on this latter charge; after being informed, he waived his rights and pleaded guilty; but he was never sentenced in view of a dismissal thereafter filed. While this latter theft charge was pending and on August 21, 1952, a complaint was filed against petitioner in the Santa Rosa Recorder's Court on the Penal Code, section 476a, violation here involved. Petitioner was arraigned, informed of his rights to counsel, and he signed an "Affidavit Waiving Time and Confessing

Guilt.'' This affidavit recites that the complaint was read to petitioner; that he was advised that he did not have to make any statement in the matter and that he was voluntarily making one; that he was guilty of the offense charged, waived time to prepare for a preliminary examination, and consented to an immediate hearing. It further recites that on July 12, 1952, in Santa Rosa petitioner issued a check for $25, payable to a certain market and against a bank where he had no account and no credit arrangement, as he well knew; that the check was issued with intent to defraud; that he made this statement with knowledge that it would be used, and he consented thereto, as evidence upon a preliminary examination in the pending action; that he had read the statement and its recitals were true. The affidavit was received in evidence, and petitioner was held to answer in the superior court.

On August 22, 1952, the information on this fraudulent check offense was filed in the superior court. Petitioner was arraigned that day. The reporter's transcript of the proceedings[1] shows that petitioner then, after full instruction by the

---

[1] ''THE COURT: There has just been filed in this court, Mr. Berry, an information charging you with a violation of Section 476-a of the Penal Code of the State of California. It charges in·substance and effect that you issued a bad check and the contents of the information will hereafter be made fully known to you. You are entitled to be represented at all stages of this proceeding by an attorney. Do you have one?

''MR. BERRY: No I don't.

''THE COURT: Do you have funds to engage one?

''MR. BERRY: No. I would like to waive the attorney. I am fully aware of my rights but I still wish to waive it. I would like to enter my plea at this present time also.

''THE COURT: All right, in respect to the appointment of an attorney you apparently are fully aware of that but I would like to get it in the record that you have been advised that if you are without funds or credit with which to engage an attorney the court will appoint one for you if you desire to be advised?

''A. No.

''Q. You are fully aware of that, are you? A. Yes.

''THE COURT: It is your desire to waive an attorney and just simply represent yourself in the proceeding?

''A. Yes, then I waive the reading of the information also if I may at this time.

''THE COURT: Very well, I will respect your wishes in that respect and the court then will proceed, the defendant representing himself in the matter, and apparently is fully aware of his own rights. He appears to me to be a man of intelligence and knows what he is doing, therefore, I will not appoint an attorney against his will. The copy of the information will be handed to the defendant at this time so that he may be made fully aware of it.

''MR. MURPHY (Deputy District Attorney): That has already been done, your Honor.

''THE COURT: You acknowledge that has been handed to you, Mr. Berry?

judge (Hon. Hilliard Comstock, Sonoma County Superior Court), waived his right to counsel and time to plead, and entered a plea of guilty. Thereupon the matter was referred to the probation officer and continued to August 25, 1952, for report and the imposition of sentence. The reporter's transcript of the proceedings on this latter day[2] shows that proba-

---

"MR. BERRY: Yes.

"THE COURT: Are you ready to proceed at this time?

"MR. BERRY: I wish to plead guilty.

"THE COURT: Enter the plea of guilty, Madam Clerk. The matter is referred to the Probation Officer automatically.

"MR. BERRY: Your Honor, may I request the matter not be referred to the Probation Officer? There are some extenuating circumstances in my case and I believe that I am justified in asking. It so happens that I am on parole now from a prison in Nevada. I am incurably ill, I need hospitalization. The sooner I can get it the better off I will be. The only place I can get it unfortunately is in San Quentin. It is impossible in the county jail, in any county in the state to get it because they are not set up in the county to even give me temporary aid and I need extensive medical and surgical care. The place I can get it——

"THE COURT: Would you mind stating——

"MR. BERRY: Rheumatic arthritis and rheumatic fever.

"THE COURT: Now, Mr. Berry, I do want some sort of a report of the Probation Officer on your matter setting out these facts and I will refer the matter to him and direct him to immediately after a conference with you get a report on file and that will not delay the matter of any judgment that may be pronounced in court in a matter of a couple of days.

"MR. BERRY: I would like to be sentenced as soon as possible.

"THE COURT: I understand the request and I understand the reasons for it. I would, however, like to get a written record on the matter, and you will, therefore, Mr. Bathurst—Mr. Bathurst is the Assistant Probation Officer who usually handles adult probation matters—at the request of the defendant then that the matter be handled with all dispatch I will continue the matter until Monday morning at 10:00 A.M. At that time I will pronounce judgment and with the understanding that is your request.

"MR. BERRY: Yes, that is.

"THE COURT: To have a formal report of the Probation Officer on hand at that time or you make a written record of what you wish to tell me.

"MR. BERRY: Thank you, Your Honor."

[2]"THE COURT: The People of the State of California versus Tyler W. Berry, defendant.

"MR. LUCKHARDT (Deputy District Attorney): Ready for the People, Your Honor.

"THE COURT: And the probation office is represented by Mr. Bathurst, present in court, and the Court notes that the defendant is in court. This is a case in which, upon arraignment, the defendant waived the formal reading of the information and was furnished with a copy of the information and acknowledged its contents and requested he be not furnished an attorney and desired to represent himself, and desired to plead guilty at once, and he requested also that the matter be not referred to the probation officer and that he be at once sentenced for the offense with which he is charged. The Court desired to have a record in the form of a report from the probation officer and very little delay was involved in having that done and thereafter the matter was referred to

tion was denied and petitioner was sentenced to imprisonment for the term prescribed by law. No appeal was taken.

Petitioner premises his first argument for relief on the proposition that he was not represented by counsel at the preliminary hearing and yet the magistrate accepted his plea and waiver of preliminary examination contrary to sections 859 and 860 of the Penal Code. He argues that these irregularities deprived the superior court of jurisdiction to proceed in the matter. However, both the docket of the committing magistrate and the ''Affidavit Waiving Time and Confessing Guilt'' disclose on their face that petitioner was fully advised of his constitutional rights prior to signing the latter document in open court. He had full opportunity to object to any of the proceedings at that time; he had the right to request the appointment of counsel in his behalf and to contest the validity of the charge. Petitioner was familiar with this type of proceeding, having a few weeks previously been prosecuted on a like charge, when he adopted the same procedure of waiving his right to counsel, pleaded guilty to the offense as reduced to petty theft and was fulfilling his one-year probation term when he was charged with the present fraudulent check offense. (Pen. Code, § 476a.) He voluntarily made his written confession or statement before the magistrate, acknowledging commission of the offense, consented to the statement's use as evidence in the proceedings, and expressed his desire for an ''immediate hearing.'' This was competent and sufficient

---

the Probation Officer and he is now ready to file his report, is that correct?

''MR. BATHURST: That's correct, Your Honor.

''THE COURT: Let the report be filed and has a copy of the report been furnished the defendant?

''MR. BATHURST: It has, Your Honor, and he has read it.

''THE COURT: Have you had an opportunity to read it?

''DEFENDANT: Yes.

''THE COURT: Is there anything about the report upon which you desire to make any comment?

''DEFENDANT: No, it is satisfactory.

''THE COURT: And is it still your desire, Mr. Berry, under all the circumstances of your case to waive time for pronouncing judgment and have judgment pronounced at once?

''DEFENDANT: It is.

''THE COURT: Very well. The Court feels that Mr. Berry is an intelligent man and understands the complications of his case and has his own good reasons for the request, and, therefore, it will be the order of this court that probation be denied and that the defendant be committed to the Director of Corrections of the State of California at San Quentin, California, for the term prescribed by law for the offense to which he has pleaded guilty; namely, violation of Section 476-a of the Penal Code of the State of California, as charged in the information.''

evidence upon which to hold petitioner to answer. It was not necessary to swear witnesses to prove facts which the accused voluntarily confessed. (*People* v. *Cokahnour*, 120 Cal. 253, 254 [52 P. 505]; *In re Stroff*, 132 Cal.App. 351, 353 [22 P.2d 770].) Such proceedings satisfied the constitutional requirement of a preliminary examination. (Const., art. I, § 8.)

■ The magistrate's order at the conclusion of petitioner's preliminary arraignment did not purport to be a certification to the superior court as upon a plea of guilty from a defendant not represented by counsel (Pen. Code, §§ 859a-860) but was simply "a holding of" petitioner "to answer, followed by the filing of an information." (*People* v. *Nation*, 108 Cal.App.2d 829, 831 [239 P.2d 891].) The filing of the information gave the superior court jurisdiction to proceed in the matter. (*Ex parte McConnell*, 83 Cal. 558 [23 P. 1119].)

■ Moreover, having failed to object to the proceedings and having failed to move to set aside the information under the provisions of section 995 of the Penal Code (the exclusive method provided by law for challenging the legality of the commitment), the irregularity of proceedings before the magistrate and the insufficiency of the evidence at a preliminary hearing are waived. ■ Such alleged defects or irregularities may not be raised for the first time upon habeas corpus. (Pen. Code, § 996; *Ex parte McConnell, supra,* 83 Cal. 558; *In re Tedford*, 31 Cal.2d 693, 694 [192 P.2d 3]; *In re Razutis*, 35 Cal.2d 532, 534-535 [219 P.2d 15]; *In re Basham*, 24 Cal.App.2d 285, 286 [74 P.2d 781].)

As further ground for relief, petitioner contends that he was denied his constitutional right to representation by counsel (U.S. Const., Fourteenth Amend.; Cal. Const., art. I, § 13); that this denial was the direct and prejudicial cause of his conviction, which was based upon his plea of guilty in the superior court; and that any apparent waiver of his right to counsel may not be regarded as an effective waiver because it was the direct result of 36 days of incarceration, during which time he was denied an opportunity to consult with counsel. Accordingly, petitioner cites the established rule that a prisoner held on a criminal charge has a constitutional right to the aid of counsel, and that habeas corpus may be used to assure private consultation with counsel. (*In re Snyder*, 62 Cal.App. 697, 699-700 [217 P. 777].) ■ Refusal to grant a prisoner's request for counsel prior to arraignment and a plea of guilty constitutes

a denial of "fundamental civil rights." (*In re McCoy*, 32 Cal.2d 73, 76 [194 P.2d 531, 11 A.L.R.2d 934].)

 Petitioner claims that during the period of his incarceration on this offense, 36 days in the county jail—July 21 to August 25, 1952—he was held incommunicado; that during such confinement his many requests for permission to contact an attorney were repeatedly denied or ignored by the officers in charge; and that finally after some five weeks of frustrated efforts to communicate with an attorney and in desperation because of a crippling rheumatoid arthritic condition, which was causing him great physical pain, he sent for the assistant district attorney and agreed, despite his alleged innocence, to plead guilty so that he could be given an immediate court hearing. He was taken to court the next day, August 21, the preliminary hearing was held, and then followed the superior court proceeding culminating in his conviction and sentence on August 25, 1952.

However, the record contains no evidence which would support petitioner's claims. Rather, the showing is all to the contrary. At the time of argument before this court, the People submitted affidavits in direct refutation of petitioner's allegations. One was by the assistant probation officer of Sonoma County, attesting that during the period in question he visited petitioner several times in connection with making a report on petitioner's violation of the terms of his probation, and that at no time did petitioner ask for an attorney or complain of any refusal of permission by the jailors to telephone or communicate with relatives or friends. Another affidavit was by the head jailor of the Sonoma County jail, attesting that at no time did he refuse to admit an attorney to see and counsel with petitioner; that petitioner at all times was permitted reasonable access to the telephone; that during his confinement petitioner was taken to the Sonoma County Hospital for treatment; and that at no time did affiant or anyone in affiant's presence, threaten petitioner or in any way offer to petitioner any inducement to cause petitioner to enter a plea of guilty to any offenses with which petitioner was charged. A third affidavit was by the chief criminal deputy sheriff of Sonoma County, attesting to the same effect that at no time in affiant's presence were any threats or coercive statements made to petitioner; that petitioner was always allowed reasonable use of the telephone; and that petitioner never complained that he was being refused any

reasonable request. Petitioner has not produced any counter-affidavits contravening this specific showing by the People. Moreover, it appears from the record of the proceedings, and petitioner does not claim otherwise, that petitioner at no time during his appearances in court made any complaint there with respect to having been deprived of any legal rights.

Petitioner's prolonged incarceration during the period in question appears to have been related not only to the fraudulent check offense here involved, but also to other criminal charges then pending against him, as above recited. Also there was the consideration of his having violated the terms of his probation in connection with a previous conviction in the Santa Rosa court, as well as the possibility of the Nevada State Prison authorities demanding his return because of parole violations. In these circumstances, petitioner's claim of having been improperly held in jail for an unnecessarily extended period is without merit.

The record furnishes substantial basis for the conclusion that petitioner was fully aware of the nature of the proceedings, and that the waiver of his right to counsel and his plea of guilty, coupled with his request for immediate sentence, were made by one who had an intelligent conception of the consequences of his act. (*Cf. In re Jingles*, 27 Cal. 2d 496, 498 [165 P.2d 12]; *In re Tedford, supra*, 31 Cal.2d 693, 695.) Petitioner's past experience with court proceedings on various criminal charges shows his familiarity with judicial procedure in such matters. After having been fully instructed by the trial court as to his rights to counsel and told that if without funds, counsel would be procured for him, petitioner elected to waive his right to counsel and proceeded to enter his plea. ██ While the right of a prisoner to counsel will be protected, it is a right which may be waived. (*In re Connor*, 16 Cal.2d 701, 706, 709-710 [108 P.2d 10].) ██ The record clearly shows that petitioner did so waive this right of his own volition and with full knowledge of what he was doing. (*Cf. People* v. *Chessman*, 38 Cal.2d 166, 174 [238 P.2d 1001].) ██ In this proceeding in habeas corpus petitioner has the burden of alleging and proving all the facts upon which he relies to overturn the judgment of conviction. (*In re Dixon*, 41 Cal.2d 756, 760 [264 P.2d 513].) He has not met this burden, but rather it appears that the trial court correctly concluded that petitioner intelligently

and effectively waived his right to counsel and, without coercion or threat of any kind, entered his plea of guilty.

The order to show cause is discharged, and the writ is denied.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.

Petitioner's application for a rehearing was denied February 24, 1955.