[Crim. No. 2869.    Third Dist.    July 18, 1958.]

In re J. W. BREEN on Habeas Corpus.

J. W. Breen, in pro. per., for Petitioner.

Edmund G. Brown, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

THE COURT.—On September 5, 1953, petitioner herein, responsive to an information charging him with forgery, was arraigned in the Superior Court in Napa County.  He was represented by counsel who announced that a plea would be entered at that time.  The following occurred: "The Court: What is your plea?  Mr. Shifflett [Counsel for Defendant]: The defendant pleads guilty, your Honor.  The Court: The Clerk will please enter a plea of guilty.  Do you move for probation?  Mr. Shifflett: We would like to at this time move for probation."  The matter was referred to the probation officer and thereafter probation was granted for a term of two years and the pronouncement of judgment was suspended.

Prior to the expiration of the term of probation the probation officer moved the court that probation be revoked. This motion was denied, but an added period of two years' probation was ordered, petitioner was incarcerated in the county jail for four months, and was ordered to pay a fine. Prior to the expiration of the extended period the probation officer again moved the court that probation be revoked for violation. This motion was also denied. A third time the probation officer moved for revocation and this time the court revoked probation and proceeded to sentence petitioner to the Department of Corrections for the period prescribed by law. Petitioner is presently confined pursuant to that judgment, but has taken an appeal therefrom which is pending in this court.

It appearing from the petition herein and the return to the order to show cause that petitioner's plea to the charge of forgery was not entered by himself personally but by counsel, this court issued its writ and the matter has been heard.

■ The foregoing recitals of the proceedings on arraignment are conceded to be true, with the result that the provisions of section 1018 of the Penal Code were violated in that the plea was not put in by the defendant himself. (*In re Brain*, 70 Cal.App. 334 [233 P. 390]; *People* v. *Wills*, 159 Cal.App.2d 171 [323 P.2d 470].) The result is that the judgment was invalid as were all proceedings subsequent to the entry of the plea by counsel.

■ The attorney general urges us to discharge the writ, denying all relief, arguing that the matters complained of may be reviewed under the pending appeal. But since it appears without dispute that reversal must result and that the present detention is illegal we see no reason to delay. The attorney general further argues that under the authority of *In re McCoy*, 32 Cal.2d 73 [194 P.2d 531], petitioner is not entitled to discharge and should be remanded for further proceedings in the trial court under the information on file therein. For petitioner it is argued that in this case discharge is proper because the long lapse of time has made it impossible to now accord petitioner a fair trial on charges against him. This argument is persuasive, but not convincing. We think such contention can best be presented to, and passed on by the trial court.

Accordingly, the writ is discharged and the petitioner is remanded to the custody of the sheriff of Napa County for further proceedings in accordance herewith.