Filed 11/26/14  P. v. Robinson CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br>KEVIN LEE ROBINSON,<br><br>        Defendant and Appellant. | A139131<br><br>(Solano County<br>Super. Ct. No. FCR299323) |

### INTRODUCTION

Defendant Kevin Lee Robinson appeals from a trial court order denying his petition for a writ of error *coram nobis* seeking to have a 1984 judgment against him vacated.  Robinson now argues that a valid plea was never taken in the 1984 case and, therefore, this issue could be raised at any time, and it was an abuse of discretion to deny his petition.  We disagree and affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

In December 1983, when he was 16 years old, Robinson was charged with eight counts of robbery, five of which involved an enhancement for carrying a weapon.  A month later, in January 1984, defendant and his counsel appeared for the preliminary hearing on the matter.  At that time, defense counsel informed the court that "with the court's approval, the district attorney has offered to allow Robinson to enter a plea of guilty to count 1 with use pursuant to Penal Code section 12022(b), to count 2, count 5 and to count 8, and then she in exchange would move to dismiss counts 3, 4, 6 and 7."

1

After questioning her client on his understanding of the terms of the plea, the rights he was waiving and the consequences of the plea (all of which defendant said he understood and was willing to waive), defense counsel then asked Robinson to admit the allegations in each of the four counts to which he was entering a plea.

She first asked him, "Are you therefore saying that you are guilty and agreeing that on or about September 29, 1983, you did willfully, unlawfully, and by means of force or fear take something away from Stephanie Monney at Po's Mobil Station?" Robinson responded, "Yes."

Counsel then asked him, "Are you also agreeing on or about October 13 you did willfully, unlawfully, and by means of force and fear take away some property from Rosemary Wallace at Winchell's Donuts?" Robinson answered, "Yes."

Counsel then asked him if he was "also agreeing that on or about November 2, 1982, that you did willfully, unlawfully, and by means of force or fear take some property away from Vernette Fine and Madeline Denio at Carousel of Uniforms?" Robinson answered "Yes."

Counsel finally asked defendant if he was "also admitting that on or about November 5, 1983 that you did willfully and unlawfully and by means of force or fear take some property away from Karla Baxley at Pluto's and further that in doing this you had a knife with you?" Robinson again answered "Yes."

When counsel asked him if he had "any questions about what we are doing right now?", Robinson said he did not.

The trial court then said, "The voir dire is complete. The court will accept the pleas of guilty to counts I, II, V and VIII with the admission of the use of the knife on Count VIII. All other charges will be dismissed and the matter will be certified to the Superior Court in and for the County of Solano for pronouncement of judgment and sentence."

The court committed Robinson to the California Youth Authority for six years. He was released around the end of 1986.

About a decade later, in September 1997, Robinson was found guilty of the following offenses: two counts of possessing cocaine base for sale, two counts of possessing marijuana for sale, two counts of possessing heroin for sale, three counts of being a felon in possession of a firearm, and one count of possessing cocaine base while in possession of a firearm. The jury found true four arming enhancements and four prior strikes. Robinson was sentenced to four consecutive 25 years to life terms, as well as an additional consecutive term of 10 years for the arming enhancements. His total term is 110 years to life in prison.

On April 4, 2013, 16 years after he was sentenced to this term, and 26 years after the plea bargain for the four robbery counts and the arming enhancement, Robinson filed a petition for a writ of error *coram nobis* in the trial court seeking to withdraw his 1984 plea. He argued that (1) his 1984 guilty plea was not made knowingly or intelligently because he had a learning disability ; (2) he did not knowingly and intelligently waive his constitutional rights as to each count; (3) he did not knowingly and intelligently waive his right to an attorney at trial; (4) he did not enter a guilty plea as to each count; (5) the trial court did not make an independent determination of the factual basis for his plea; and (6) counsel was ineffective in his investigation at the pleading and plea bargaining stages.

In an order dated May 20, 2013, the trial court denied Robinson's petition on the ground that he had failed to establish that he acted diligently in discovering and presenting the newly discovered facts on which the petition was based. The court based its denial of the petition on the additional ground that Robinson had failed to avail himself of other remedies when he had to opportunities to do so.

This timely appeal followed.

## DISCUSSION

Robinson does not dispute the trial court's finding that his claims are untimely and therefore that he failed to make out a prima facie case for granting his petition. Rather, he argues that no valid plea took place in 1984 and, because this issue is "jurisdictional in nature, it can be raised at any time."

3

Even were we to assume that Robinson can raise this argument at any time, it has no merit because the plea he entered in the 1984 proceedings complies with section 1018's requirement that "every plea shall be entered or withdrawn by the defendant himself or herself in open court." Here, counsel announced the terms of the plea agreement offered by the People and went on to ask Robinson whether he understood the terms of the plea, the rights he was waiving and the consequences of the plea. After ensuring that Robinson did, in fact, understand these matters, defense counsel led defendant through the plea agreement. Counsel first asked defendant "are you therefore saying that you are guilty" and then, with regard to each of the counts to which he was pleading guilty, asked him to agree to the facts underlying each of the counts. To each of the questions asked by counsel, Robinson responded affirmatively. The trial court then specifically accepted defendant's "pleas of guilty to counts 1, 2, 5 and 8 with the admission of the use of the knife on count 8."

It is well established that the requirements of Penal Code section 1018 are met when a defendant "voice[s] his concurrence" to a plea defense counsel describes. (*People v. Reeves* (1966) 64 Cal.2d 766, 772; *People v. Martin* (1964) 230 Cal.App.2d 62, 63 (section 1018 satisfied when defendant "authorize[s] or adopt[s]" counsel's statement of his plea).) Further, "the form of the plea is not of vital importance, provided the admission of guilt is clear, definite, and unconditional." (*People v. Manriquez* (1922) 188 Cal. 602, 605.) Having done so here, Robinson entered a valid plea.

Robinson, however, argues that although he admitted the facts of each offense, he did not actually admit he was guilty of the offense itself.[1] Essentially, Robinson invites

---

[1] To the extent that defendant also suggests that section Penal Code section 1018 precluded him from adopting counsel's statement of his plea, he is incorrect. The two cases on which he relies, *In re Brain* (1924) 70 Cal.App. 334 and *In re Breen* (1958) 162 Cal.App.2d 235, were disapproved in *In re Martinez* (1959) 52 Cal.2d 808, 815 "to the extent that they hold that a judgment must be vacated even if the defendant authorized or adopted counsel's statement of his plea."

us to split hairs here, an invitation we decline. Robinson's admission of guilt was "clear, definite, and unconditional."

## DISPOSITION

The judgment is affirmed. [2]

---

[2] On April 18, 2014, appellant filed a petition for writ of habeas corpus with this court (A141577).  The petition is denied and an order will issue concurrently with this opinion.

5

_____

Richman, J.

We concur:

_____

Kline, P.J.

_____

Stewart, J.

6