[Crim. No. 4690.    First Dist., Div. Three.    Oct. 1, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. FELIX SAMUEL MARTIN, Defendant and Appellant.

Harvey N. Black, Jr., under appointment of the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edward P. O'Brien, John F. Kraetzer and Michael J. Phelan, Deputy Attorneys General, for Plaintiff and Respondent.

DRAPER, P. J.—Defendant pleaded guilty to a charge of robbery (Pen. Code, § 211), was sentenced to prison, and appealed in propria persona. Notice of appeal was filed late, but investigation revealed it had been presented to prison authorities in time. Relief was granted (Cal. Rules of Court, rule 31 (a)), and counsel on appeal was appointed. ■ The Attorney General moved to dismiss the appeal as frivolous, a motion which we entertain when guilt has been established by plea (*People* v. *Wallace,* 217 Cal.App.2d 440 [31 Cal. Rptr. 697]). Upon such a motion, appointed counsel is requested to consult defendant to ascertain whether he questions the accuracy of the transcript, whether he asserts that he was not represented by counsel or did not personally enter the plea, and the nature of any errors claimed by him.

Neither appointed counsel nor defendant denies that the latter personally entered the plea of guilty, but we felt that study of the record and the authorities was required, and therefore ordered the motion submitted for decision.

■ A guilty plea "must be put in by the defendant himself in open court" (Pen. Code, § 1018). Earlier cases literally applied this rule to require specific plea by a defendant, without inquiring as to whether he had adopted the plea by words spoken in open court (*In re Breen* (1958) 162 Cal.App.2d 235 [328 P.2d 465] ; *In re Brain* (1924) 70 Cal. App. 334 [233 P. 390]). In 1959, however, the Supreme Court pointed out that the purpose of the statute is to assure that the plea is the defendant's own, and that this end is served if the defendant "authorized or adopted counsel's statement of his plea" (*In re Martinez,* 52 Cal.2d 808, 815 [345 P.2d 449]).

In our case, the reporter's transcript shows that counsel, rather than defendant, entered the plea of guilty to the first count. Defendant then personally answered the court's question as to whether he was armed. A week later, defendant and his attorney appeared in open court. The following occurred :

"MR. MURPHY (defense attorney) : . . . At this time the Defendant would like to join in a stipulation with the District Attorney regarding the offense to which the Defendant has entered a plea as of last week. The stipulation will be as to the degree of robbery charged in the admitted offense, Count One, and the Defendant offers to stipulate that the degree of robbery be fixed at first degree robbery.

"MR. MURPHY : Is that right, Mr. Martin?

"THE DEFENDANT: Yes."

The District Attorney accepted the stipulation and moved to dismiss the five remaining counts. His motion was granted.

We are satisfied that this statement made by the defendant personally, in open court, meets the requirement of *Martinez*. Defendant clearly adopted the plea of guilty his counsel had entered. His attorney referred to "the offense to which the Defendant has entered a plea," and to "the admitted offense," and specifically offered a stipulation that this robbery be found to be of the first degree. Counsel's language was clear and unmistakable. Defendant (not new to court appearance) had no conceivable reason to join in stipulating to degree of an offense to which he had not pleaded guilty. Yet he orally and affirmatively, rather than by mere silence, accepted counsel's statement. This adoption of the plea is adequate, and defendant does not even now disclaim it.

The points which defendant asked his counsel to raise present no issue on appeal. Appointed counsel can find no ground for appeal. We have reviewed the record and find no other issue, arguable to any degree, which could be presented if the appeal were fully heard.

Appeal dismissed.

Salsman, J., and Devine, J., concurred.