[Civ. No. 52376. First Dist., Div. Three. June 30, 1981.]

ROBERT JOHNSON, JR., Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent.
THE PEOPLE, Real Party in Interest.

COUNSEL

Buford L. Toney for Petitioner.

No appearance for Respondent.

George Deukmejian, Attorney General, and Michael Buzzell, Deputy Attorney General, for Real Party in Interest.

OPINION

SCOTT, J.—This petition raises the question of whether a defendant must *personally withdraw* his guilty plea in open court before it is effective. We conclude that the language of Penal Code section 1018 requires the affirmative manifestation of concurrence by a defendant before his previously entered guilty plea may be withdrawn.

Petitioner was convicted December 6, 1979, on his guilty plea of a violation of Penal Code section 211 (robbery) fixed at first degree. He admitted the use of a firearm and that he inflicted great bodily injury in its perpetration. Petitioner's crimes were committed before the effective date of the Determinate Sentencing Act (DSA). A plea bargain was entered into whereby the parties contemplated that the Community Release Board (CRB) (established under the DSA) would set petitioner's term at seven years. It was further agreed that if the CRB set his term in excess of seven years petitioner could withdraw his guilty plea and the original information would be reinstated.[1] Petitioner was sentenced under the Indeterminate Sentence Law to the term prescribed by law. The CRB set petitioner's term at *eight years*. Informal attempts by the court to convince the CRB to reduce the term to seven years were unsuccessful.

Trial counsel then filed a motion to withdraw the guilty plea. With petitioner present in court, counsel answered the court's questions about the motion to withdraw. Petitioner said nothing during the hearing, and the motion was granted.

Thereafter, petitioner was unable to enter into what he considered to be a satisfactory plea bargain. When petitioner did not accept the proffered plea bargain, the proceedings on the original charges were revived.

New counsel was substituted to defend petitioner. He filed a motion in the trial court to vacate the withdrawal of the guilty plea, claiming the requirements of Penal Code section 1018 had not been met. After an evidentiary hearing, the court denied the motion. This petition followed.

Petitioner's first contention that his plea was improperly set aside because he did not authorize the motion to withdraw his guilty plea is without merit. On the evidentiary question of whether petitioner authorized the motion, the trial court's implicit finding that he did is supported by substantial evidence in the form of trial counsel's testimony.

Petitioner next contends that the court erred in denying his motion to set aside the withdrawal of his guilty plea because he had not personally

---

[1]Petitioner was charged with violations of Penal Code sections 187 (murder), and 211 (robbery), and Penal Code section 217 (assault with intent to commit murder).

withdrawn the plea. Penal Code section 1018 provides in part: "Unless otherwise provided by law every plea must be entered or withdrawn by the defendant himself in open court." The requirement that a defendant personally withdraw his guilty plea was added in 1976. Prior thereto the section only required that a defendant personally enter a plea. We find no cases which discuss the requirement of a defendant's personal withdrawal of a plea. From the wording of the section, however, it appears unambiguous that the same requirements apply to withdrawals as apply to entries of pleas.

The Attorney General argues that this section is satisfied if the defendant authorizes or adopts his counsel's motion to withdraw. In support thereof he cites *People v. Reeves* (1966) 64 Cal.2d 766, 772 [51 Cal.Rptr. 691, 415 P.2d 35]; *People v. Martin* (1964) 230 Cal.App.2d 62, 63. [40 Cal.Rptr. 700]. In *Reeves*, defense counsel spoke the words of the plea of not guilty by reason of insanity and the judge questioned the defendant personally in open court, at which time the "defendant voiced his concurrence therein." The court found sufficient compliance with Penal Code section 1018. In *Martin*, counsel first entered the plea of guilty to the first count and the defendant personally answered the court's question as to whether he was armed. A week later, in open court, counsel stated that the defendant would like to join in a stipulation regarding the offense to which he had entered his plea the previous week. The stipulation was that the robbery would be fixed at first degree. Counsel asked the defendant if this was correct, and the defendant answered affirmatively. The *Martin* court concluded that the defendant's oral affirmation accepted counsel's assertion that a plea of guilty had been entered and found that the requirement of Penal Code section 1018 had been met.

However, in *People v. Vanley* (1974) 41 Cal.App.3d 846 [11b Cal.Rptr. 446], on facts similar to those presented here, the court distinguished *Reeves* and *Martin.* In *Vanley,* defense counsel entered a plea of not guilty by reason of insanity, but "[a]t no time during the proceedings did defendant voice concurrence with the plea that had been entered by his attorney. His cooperation with respect to the insanity plea was not requested until much later when it was pointed out to him that in submitting the issue of insanity on the doctor's reports, he would be waiving his right to a jury trial on that issue." (41 Cal.App.3d at p. 855.)

■ Where the defendant has authorized the motion to withdraw, we cannot read the words "himself in open court" out of the code section,

as requested by the Attorney General. (Cf. *Irving* v. *Superior Court* (1979) 93 Cal.App.3d 596, 600 [155 Cal.Rptr. 654].) The cases cited are distinguishable from this case, and in fact when read collectively they support our reading of the statute. We conclude that regardless of what authorization is given out of court, compliance with Penal Code section 1018 requires that a defendant make some expression in open court which authorizes or adopts a motion made on his behalf to withdraw his plea. Here, petitioner's silence during the hearing on the motion to withdraw the plea did not satisfy this requirement.

Having reached this conclusion, we issue a writ of mandate to require the trial court to vacate its order of December 16, 1980, setting aside petitioner's plea of guilty. The result will be to return petitioner to his original commitment, including the term set by the CRB. By this writ proceeding, petitioner has forfeited any further right to withdraw the plea on grounds related to the length of the term set by the CRB.

We have reached the foregoing conclusion after full briefing by the parties. Issuance of an alternative writ would only lead to further uncertainty about the terms of petitioner's commitment. We therefore issue a peremptory writ in the first instance (Code Civ. Proc., § 1088; *San Diego Wholesale Credit Men's Assn.* v. *Superior Court* (1973) 35 Cal.App.3d 458 [110 Cal.Rptr. 657]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165]).

Let peremptory writ of mandate issue directing the Alameda County Superior Court to vacate its order of December 16, 1980, granting petitioner's motion to withdraw his guilty plea.

White, P. J., and Feinberg, J., concurred.