46 F.3d 1142
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tyrone JACKSON, Petitioner-Appellant,
v.
Robert G. BORG, Warden; Attorney General of California,
Respondents-Appellees.
 No. 94-55147.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 5, 1994.
Decided Jan. 24, 1995.
 
 Before: FARRIS, POOLE and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner was indicted for first degree murder, second degree murder, and kidnaping. He pleaded guilty to second degree murder and kidnaping and was sentenced, pursuant to a plea agreement, to eleven years in prison. When it was later discovered that this sentence was below the statutory minimum, and thus illegal, the court vitiated that portion of the plea agreement requiring an eleven year sentence and offered petitioner the opportunity to withdraw his plea. This petitioner did, but without himself expressing in open court his desire to withdraw the plea, as required by Cal.Penal Code Sec. 1018. The case proceeded to trial, and petitioner was convicted of first degree murder and kidnaping and sentenced to life in prison without possibility of parole.
 
 
 3
 A. Assuming petitioner never validly withdrew his guilty plea, see Johnson v. Superior Court, 175 Cal.Rptr. 272, 273 (Cal.Ct.App.1981), he stood convicted of second degree murder at the commencement of the trial. Had the state accepted petitioner's guilty plea and subsequently brought a second indictment charging petitioner with first degree murder, the second prosecution would have been barred by double jeopardy. See Brown v. Ohio, 432 U.S. 161, 169 (1977). But that is not what happened here: Petitioner pleaded guilty to the second degree murder and kidnaping counts of a single multi-count indictment, and was brought to trial on the remaining counts. In such circumstances, the continued prosecution for first degree murder does not amount to double jeopardy. Ohio v. Johnson, 467 U.S. 493, 501-02 (1984).
 
 
 4
 B. The continued prosecution for second degree murder and kidnaping may have been a violation of double jeopardy, see Johnson, 467 U.S. at 502 n. 10, but at this stage in the proceedings any such error is irremediable. The only harm petitioner has suffered as a result of the continued prosecution is standing trial on the charges. Even if the second conviction is invalid as a violation of double jeopardy, petitioner may be sentenced based on the guilty plea.
 
 
 5
 C. As there was no double jeopardy violation, petitioner has no claim for ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 694 (1984) (ineffective assistance claim requires a showing of prejudice).
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3