Filed 7/19/13  P. v. Patterson CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>ANTHONY DEWAYNE PATTERSON,<br><br>     Defendant and Appellant. | F063697<br><br>(Tulare Super. Ct. Nos. VCF246898,<br>VCF252554 & VCF252675)<br><br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Tulare County.  Joseph A. Kalashian and Darryl B. Ferguson, Judges.[1]

David McNeil Morse, under appointment by the Court of Appeal, for Defendant and Appellant.

---

\* Before Cornell, Acting P.J., Gomes, J. and Poochigian, J.

[1] Judge Kalashian presided over the June 24, 2011, preliminary examination; Judge Ferguson presided over the jury trial and the October 20, 2011, sentencing hearing.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, William K. Kim and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

This appeal presents a single issue: Did defendant effectively enter a no contest plea on June 24, 2011? We conclude that he did, and affirm.

## PROCEDURAL BACKGROUND

Defendant appeals after an alleged no contest plea in Tulare County Superior Court case No. VCF252554. That case was consolidated with Tulare County Superior Court case Nos. VCF246898 and VCF252675.

*Case No. VCF252554*

On May 12, 2011, defendant Anthony Dewayne Patterson (defendant) was charged with one count of possession of methamphetamine in Tulare County Superior Court case No. VCF252554. [2] (Health & Saf. Code, § 1377, subd. (a).) It was further alleged that defendant had one prior strike conviction. (Pen. Code,[3] §§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i)).

*Case No. VCF246898*

On June 9, 2011, an information was filed against defendant in Tulare County case No. VCF246898, alleging possession of methamphetamine for sale (count I; Health & Saf. Code, § 11378); being under the influence of methamphetamine (count 2; Health & Saf. Code, § 11550, subd.(a)); and driving an unregistered motor vehicle (count 3; Veh.

---

[2] All future references to trial court proceedings relate to Tulare County Superior Court case No. VCF252554 unless otherwise indicated.

[3] All future statutory references are to the Penal Code unless otherwise noted.

Code, § 4000, subd. (a)).  This information also alleged a prior strike conviction.  The court eventually struck the third count in the interest of justice.

*June 24, 2011, Hearing*

On June 24, 2011, a hearing was held in case No. VCF 252554.  This hearing is the subject of the present appeal.  Defendant contends he did not enter an effective no contest plea at this hearing and the Attorney General contends otherwise.  The full transcript of this hearing is set forth, *post*.

*Case No. VCF252675*

On July 6, 2011, an information was filed against defendant in another case – Tulare County case No. VCF252675 – alleging possession of a firearm by a felon (count 1; § 12021, subd.(a)(1)), and possession of ammunition by a person prohibited from possessing a firearm (count 2; § 12316, subd. (b)(1)).  The information alleged a bail enhancement and prior strike allegation.  Defendant pled not guilty.

*September 22, 2011*

On September 22, 2011, a jury convicted defendant of counts I and II in case No. VCF246898. [4]  The prior strike allegation regarding an alleged 1983 rape conviction was bifurcated into a separate court trial convened later that day.  The court found true the defendant's prior rape conviction.

In further proceedings that day, defendant requested a jury trial on case No. VCF252675.  An off-the-record discussion ensued.  When the record resumed, the court placed an indicated sentence onto the record.  The indicated sentence was six years eight months for all three cases.  Defendant then changed his plea in case No. VCF252675 to no contest to the two substantive counts, and admitted a prior strike and the "on bail" enhancement.

_____

[4] After the jury was discharged, a discussion is held on the record indicating that defendant had intended to make a motion to withdraw his plea in case No. VCF252554. He ultimately decided against it.  Neither party raises this issue on appeal.

3.

*Sentencing*

On October 20, 2011, the superior court sentenced defendant on all three cases to an aggregate prison term of six years eight months. In case No.VCF246898, the court sentenced defendant to four years. In case No. VCF252554, the court sentenced defendant to two years, to run concurrent to the sentence in case No. VCF246898. In case No. VCF252675, the court sentenced defendant to eight months, plus a consecutive term of two years for the bail enhancement. This sentence was to run consecutive to the sentence in case No. VCF246898, plus a concurrent midterm of two years. The court dismissed the prior strike in case Nos. VCF252554 and VCF252675, in the interest of justice.

## FACTS

Defendant's sole contention on appeal is that he did not enter a no contest plea on June 24, 2011, in case No. VCF252554. The entire transcript of that hearing is set forth below:

"THE COURT: Anthony Patterson matters. Miss Brooks, which matter did you want to take up first?

"MS. BROOKS [defense counsel]: If we could take VCF252554. *He would enter a no contest plea on this case.*

"MS. KAISER [prosecutor]: Before the Court accepts that plea, the People indicated to defense counsel that we have planned on holding him to answer for sales. We did not yet amend the Complaint, but we ask the Court's leave to amend at this time. If you'll recall, two weeks ago we had another possession for sale case on the same defendant. It was also originally filed on the possession.

"I certainly believe that the crime that was committed in this case was possession for sale based on my sales expert's opinion, as well as both the cases in combination, the methamphetamine possessed was the same quantities, the same quantity packaging. And I believe the People do have a strong sales case.

4.

"THE COURT: Well, if you had amended before now I would've allowed it, but as it stands it's just a felony Complaint charging possession. And I'll allow Mr. Patterson to plead to that.

"*By pleading guilty or no contest to that charge you're going to be giving up your right to preliminary hearing, your right to a trial either by court or by jury, your right to testify, but nobody could force you to do so. You have the right to subpoena witnesses into court at no expense to you, and the right to cross-examine and confront witnesses that might be called against you. Do you understand those rights?*

"THE DEFENDANT: *Yes, sir.*

"THE COURT: *Do you give up those rights?*

"THE DEFENDANT: *Yes, sir.*

"THE COURT: *And the maximum punishment you could receive on this is three years in state prison. Do you understand that?*

"THE DEFENDANT: *Yes, sir.*

"THE COURT: And is there a stipulation there is a factual basis for the plea based on the police reports?

"MS. BROOKS: Yes.

"MS. KAISER: Yes, your Honor.

"THE COURT: *Then the Court finds you made a knowing and intelligent and voluntary waiver of your constitutional rights. There's also the strike allegation.*

"MS. BROOKS: Your Honor, it's from 1983. Would the Court be willing to strike the strike at this point?

"MS. KAISER: Your Honor, the People would object to striking the strike in this case. Again, we are – defendant has had several prior convictions. Certainly in the last decade –

"THE COURT: Yes, I'm not going to strike it at this point. I may strike it at the time of sentencing. I don't know. *But how do you plead to that strike allegation as alleged for court case 22709, a violation of Penal Code Section 261, conviction date October 29, 1983, out of Alameda County?*

"THE DEFENDANT: *Yes, I do.*

5.

"THE COURT:     And he waives time for sentencing?

"MS. BROOKS:     Yes, if this can trail the other cases.  There's already one set for trial.

"THE COURT:     That will trail the one set for trial."  (Italics added.)

## ANALYSIS

Defendant's sole contention on appeal is that no effective plea was entered as to count 1 or the prior strike allegation in case No. VCF 252554.  Defendant cites section 1018, which provides, in part, "Unless otherwise provided by law, every plea shall be entered or withdrawn by the defendant himself or herself in open court."  (§ 1018.)

The People counter that defendant did effectively enter a plea of no contest, quoting *People v. Niendorf* (1961) 197 Cal.App.2d 594 (*Niendorf*):  "A defendant can … actually personally put in a plea of guilty without using the magic words, 'I plead guilty.' "

We conclude that the plea substantially complied with sections 1017 and 1018, and affirm.

## DEFENDANT'S PLEA SUBSTANTIALLY COMPLIED WITH SECTIONS 1017 AND 1018

The doctrine of "substantial compliance" applies to section 1018.  (See *People v. Reeves* (1966) 64 Cal.2d 766, 772 [noting lack of error where "sufficient compliance" is present].)  Moreover, "[t]he nature of the right provided by Penal Code, section 1018, is not such that the plea must be expressed in person under any and all circumstances." (*People v. Gibbs* (1961) 188 Cal.App.2d 596, 599-600.)  Rather, section 1018 is to be "liberally construed" to effect its "objects" and "promote justice."  (§ 1018.)  "The purpose of the requirement that a plea be entered by defendant personally is to ensure that the plea is his own.  If it is, the purpose of that requirement is accomplished.…"  (*In re Martinez* (1959) 52 Cal.2d 808, 815.)

When a defendant "voice[s] his concurrence" in a plea entered by defense counsel, section 1018 is satisfied. (*People v. Reeves*, *supra*, 64 Cal.2d at p. 772.) Section 1018 is likewise satisfied if defendant "authorize[s] or adopt[s]" counsel's statement of his plea. (*People v. Martin* (1964) 230 Cal.App.2d 62, 63.)

The June 24 hearing in this case began with defendant's counsel stating: "He would enter a no contest plea on this case." To determine whether there was substantial compliance with section 1018, we must look to whether defendant "adopted," "authorized" or "voiced his concurrence" in counsel's statement. (*People v. Reeves*, *supra*, 64 Cal.2d at p. 772; *People v. Martin*, *supra*, 230 Cal.App.2d at p. 63.)

The court told defendant, "By pleading guilty or no contest to that charge you're going to be giving up your right to a trial either by court or by jury, your right to testify, but nobody could force you to do so.… Do you understand those rights?" Defendant replied, "Yes, sir." The court then asked, "Do you give up those rights?" Defendant again replied, "Yes, sir."

There is simply no plausible interpretation of this exchange other than that he intended to concur with his counsel's statement and plead no contest.

### ANY ERROR IN ACCEPTING DEFENDANT'S PURPORTEDLY DEFICIENT ADMISSION TO THE PRIOR STRIKE ALLEGATION WAS HARMLESS

At sentencing, the court dismissed the prior strike with respect to case Nos. VCF252554 and VCF252675. Therefore, any error in accepting the purportedly deficient plea to the prior strike allegation was harmless beyond a reasonable doubt.

### DISPOSITION

The judgment is affirmed.