Filed 10/7/21  P. v. Acuna CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAVID ACUNA,<br><br>    Defendant and Appellant. | C091971<br><br>(Super. Ct. No. 18FE007045) |

Defendant David Acuna entered a no contest plea to second degree murder and admitted a prior murder conviction.  Defendant later moved to withdraw his plea and the court denied the motion.  On appeal, defendant contends the trial court abused its discretion when it denied the motion to withdraw the plea.  We will affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant, an inmate at California State Prison, Sacramento, strangled and killed his cellmate.  The prosecution charged defendant with murder (Pen. Code, § 187, subd.

1

(a))[1] with a prior murder conviction special circumstance (§ 190.2, subd. (a)(2)) and assault with a deadly weapon by a life prisoner (§ 4500). The prosecution also alleged defendant had two prior convictions for serious felonies that qualified as strikes. (§§ 667, subds. (b)-(i), 1170.12.) Defendant pleaded no contest to second degree murder and admitted a prior murder conviction as a strike and as a prior serious felony. In exchange for the plea, the prosecution dismissed a pending case against defendant, along with the remaining counts and allegations.

During the plea colloquy, defendant agreed he understood the terms of the plea agreement and the factual basis for the plea. Defense counsel stated he disagreed with defendant's decision to enter into the plea agreement, but that he had "met with him numerous times" and was satisfied the plea agreement was how defendant wanted to proceed. Defendant agreed with this characterization. Defendant agreed he "had enough time to discuss [the] plea with [his] counsel," along with "all the possible consequences of [the] plea." He acknowledged his attorney had explained "the elements of the crimes . . . and the possible legal defenses to [his] case." He stated no one had "made any promises to get [him] to plea," aside from the prosecution's representations on the record, and no one had threatened him to enter into the agreement. The trial court confirmed defendant was entering into the plea agreement because he felt it was in his best interests to do so, and not because of any external force or threat. Finally, defendant confirmed he was "pleading guilty and making [his] admission freely and voluntarily." The court found the "plea and waivers were made knowingly, intelligently and voluntarily," and accepted the plea.

Later, at the sentencing hearing, defense counsel and the court had the following exchange:

---

[1]     Undesignated statutory references are to the Penal Code.

2

"MR. RAMIREZ: Your honor, we're on for sentencing today. Mr. Acuna has advised me he wishes to withdraw his plea. He wishes to address the Court if the Court would allow him to tell you the reasons why.

"THE COURT: Well, Mr. Acuna is represented by an attorney, so it's up to you to bring legal motions or not.

"MR. RAMIREZ: I can speak on his behalf as to why, what he has expressed to me.

"I'm making a motion to withdraw his plea because of the following reasons. Mr. Acuna says he spoke to his mother and had not had a chance to speak to her prior to entering his plea about entering his plea. [¶] He also spoke to some other [person] -- not lawyers but people who have educated themselves in the prison about his case. And after speaking to his mother and other prisoners who are educated in the law, he believes that he has a chance at trial and wishes to withdraw his plea.

"He also says he took the deal because he was traveling back and forth to Centinela which is at the very southern part of California and that it put an extreme amount of pressure and stress on him and because he's forced to come back in a very uncomfortable transport as well as being without his clothes and personal effects. [¶] But after he's reflected on all of it, everything, he desires to withdraw his plea because it's a second degree life case that has an intent element, and for all those reasons Mr. Acuna wishes to withdraw his plea."

The prosecution argued none of defendant's reasons provided a basis to withdraw a plea. Moreover, defense counsel had previously stated he had had "multiple discussions" with defendant about the plea agreement, and defendant made a knowing and voluntary waiver of his rights when he entered into the plea. The court denied defendant's motion, saying: "Okay. I understand you regret and wish to withdraw your plea, Mr. Acuna, but I have not heard a legal basis. So I would deny your motion to withdraw the plea."

3

## DISCUSSION

Defendant argues the trial court abused its discretion when it denied his motion to withdraw his plea because the court did not permit defendant to personally argue or speak in support of the motion, rather than moving through counsel, and thus prevented him from making an effective motion. Had defendant been able to personally argue the motion, he continues, he would have been able to provide additional facts to support the reasons counsel provided for withdrawing the plea, and thus would have prevailed in his motion. We disagree.

Section 1018 provides, in relevant part, that "every plea shall be entered or withdrawn by the defendant himself or herself in open court . . . . On application of the defendant at any time before judgment . . . the court may . . . for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted." As relevant here, a plea of no contest is considered the same as a plea of guilty. (§ 1016, subd. 3.)

Courts implementing section 1018 have established a stringent standard for overturning a guilty plea, stating, for example, " 'pleas resulting from a bargain should not be set aside lightly and finality of proceedings should be encouraged.' " (§ 1018; *People v. Weaver* (2004) 118 Cal.App.4th 131, 146.) The defendant seeking to withdraw his plea has the "burden to produce evidence of good cause by clear and convincing evidence." (*People v. Wharton* (1991) 53 Cal.3d 522, 585.) "Mistake, ignorance or any other factor overcoming the exercise of free judgment is good cause for withdrawal of a guilty plea." (*People v. Cruz* (1974) 12 Cal.3d 562, 566.) "A plea may not be withdrawn simply because the defendant has changed his mind." (*People v. Nance* (1991) 1 Cal.App.4th 1453, 1456.)

4

An appellate court reviews a trial court's denial of a motion to withdraw a guilty plea for abuse of discretion (*People v. Holmes* (2004) 32 Cal.4th 432, 442-443), and " 'will not disturb the denial of a motion unless the abuse is clearly demonstrated.' " (*People v. Wharton, supra*, 53 Cal.3d at p. 585.)

" 'It is settled that the attorney of record has the exclusive right to appear in court for his client and to control the court proceedings, so that neither the party himself [citations], nor another attorney [citations], can be recognized by the court in the conduct or disposition of the case.' " (*People v. Merkouris* (1956) 46 Cal.2d 540, 554-555, quoting *Wells Fargo & Co. v. City & County of San Francisco* (1944) 25 Cal.2d 37, 42, 43, italics omitted.) " 'A party to an action may appear in his own proper person or by attorney, but he [or she] cannot do both. If he [or she] appears by attorney he [or she] must be heard through him [or her], and it is indispensable to the decorum of the Court, and the due and orderly conduct of a cause that such attorney shall have the management and control of the action and his [or her] acts go unquestioned by any one [*sic*] except the party whom he [or she] represents. So long as he [or she] remains attorney of record the Court cannot recognize any other as having the management of the case.' " (*Magee v. Superior Court* (1973) 34 Cal.App.3d 201, 213, disapproved on other grounds by *People v. Norris* (1985) 40 Cal.3d 51, 56.)

Citing *People v. Brown* (1986) 179 Cal.App.3d 207 (*Brown*), defendant contends he was entitled to personally move to withdraw his plea, rather than doing so through counsel. Moreover, defendant argues, precluding him from personally arguing the motion "prevented [him] from making an effective motion in this case . . . [because] [h]e was not permitted to inform the court of any of the facts underlying his request." In *Brown*, the defendant told his attorney he wanted to withdraw his no contest plea, but defense counsel refused to make a motion to withdraw the plea because she did not believe there was any legal basis for the motion. (*Id.* at pp. 210-211.) She explained this at the defendant's sentencing hearing, and the defendant addressed the court directly. (*Id.*

5

at pp. 211-213.)  The defendant asked permission to withdraw his plea and asked if he could "get another lawyer to represent" him because his current attorney would not make the motion to withdraw his plea.  (*Id.* at pp. 211-212.)  The trial court denied both requests.  (*Id.* at p. 213.)

The appellate court concluded the defendant "was deprived of his right to make an effective motion to withdraw his plea of nolo contendere."  (*Brown, supra*, 179 Cal.App.3d at p. 213.)  The court noted "[i]t was improper to permit defendant to bring his motion in pro. per. while he was still represented by counsel and he had not waived his right to counsel."  (*Id.* at pp. 214-215.)  The court further concluded the "[d]efendant was entitled to have the motion presented to the court by his attorney of record."  (*Id.* at p. 215.)  The court reasoned the right to seek withdrawal of a guilty or no contest plea was a "personal right" of the defendant, and the attorney's obligation was "simply to provide the best representation that he can *under the circumstances*."  (*Ibid.*)  Defense counsel was not, however, "compelled to make a motion which, in counsel's good faith opinion, is frivolous or when to do so would compromise accepted ethical standards."  (*Id.* at p. 216.)  The court concluded by noting the defendant had requested the appointment of substitute counsel, and "[s]hould counsel's refusal [to make a motion to withdraw the defendant's plea] persist upon remand, the trial court should hold a hearing, attempt to determine the basis of the conflict and decide, in its discretion, whether substitute counsel should be appointed to represent the defendant."  (*Ibid.*)

From *Brown*, defendant draws the conclusion that the trial court in this case was required to allow him to personally explain "how the factors outlined by counsel overcame his free exercise of judgment" when he originally entered his plea.  *Brown* does not support this conclusion, however.  To the contrary, the *Brown* court specifically held "[i]t was improper" for a defendant to personally bring such a motion while represented by counsel.  (*Brown, supra*, 179 Cal.App.3d at pp. 214-215.)  While *Brown* does support defendant's argument that the *decision* to file a motion to withdraw a plea is a personal

6

right held by the defendant, it requires the actual *presentation* of such a motion to occur through counsel.**2** (*Id.* at p. 215.)

Relying on *Johnson v. Superior Court* (1981) 121 Cal.App.3d 115, defendant further argues section 1018, which requires pleas to be entered or withdrawn personally by defendants, has been construed to "require[] that a defendant make some expression in open court which authorizes or adopts a motion made on his behalf to withdraw his plea." (*Johnson*, at p. 119.) It does not follow, however, that a defendant who is represented by counsel has the statutory right under section 1018 to personally present a motion to withdraw a previously entered plea. As explained above, a party represented by an attorney cannot be recognized by the court in the conduct of the case. (See *Brown, supra*, 179 Cal.App.3d at p. 214.) And, as the People point out, the trial court denied defendant's motion to withdraw his plea, distinguishing his case from *Johnson*, where the defendant was seeking to vacate a plea withdrawal that had been previously entered without his participation. (*Johnson*, at pp. 117-118.) Put another way, defendant did not withdraw his plea, personally or otherwise, because the trial court denied him leave to do so in the first instance. Thus, the requirement in *Johnson* that a defendant personally authorize a plea withdrawal for it to be valid would not apply here. We are unpersuaded defendant was entitled to personally present his motion.

None of the reasons defendant offered at the sentencing hearing established good cause to withdraw his plea. His assertion that he now understood the elements of murder and decided he had "a chance at trial" after speaking with others was not good cause to withdraw his plea, given his prior statements at the change of plea hearing that he had

---

**2**    Notably, unlike in *Brown*, defendant did not request new counsel before the trial court and does not now argue defense counsel rendered him ineffective assistance. Nor is there any indication in the record that the motion to withdraw the plea was made against defendant's wishes.

discussed the elements of the crime and legal defenses with his attorney. Likewise, the evidence defendant now suggests he could have provided justifying the withdrawal — the facts in the probation report, the distance between the prison and the court, and the evolution of defendant's thinking regarding his legal defenses — was either already known to the trial court or irrelevant to its decision. (*People v. Breslin* (2012) 205 Cal.App.4th 1409, 1417 [" ' "The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering his [or her] decision" ' "].) None of these justifications, even if substantiated, would establish the plea was not the product of defendant's free judgment.

Defendant's no contest plea was voluntary and knowing. Defendant told the trial court he had had adequate time to discuss the elements of the crimes and any applicable legal defenses before entering the plea. He agreed with defense counsel that they had met multiple times to discuss his case and was determined to enter his plea, even over defense counsel's advice. And he disclaimed any improper outside influence on the plea. We see no abuse of discretion in the trial court's decision to deny the motion to withdraw the plea.

DISPOSITION

The judgment is affirmed.

/s/<br>
BLEASE, J.

We concur:

/s/<br>
RAYE, P. J.

/s/<br>
HOCH, J.

8